2010 OK JUD ETH 5

**JUDICIAL ETHICS OPINION 2010-5.**

No. 2010-5.

Oklahoma Judicial Ethics Advisory Panel.

Aug. 10, 2010.

JUDICIAL ETHICS ADVISORY PANEL

¶ 1 Questions: As a judicial candidate I have received the following questions from a local newspaper together with the information that the answers of all candidates will be published prior to the primary election; which, if any of these questions, may I answer and be in compliance with the Code of Judicial Conduct?

1. What is your opinion of deferred sentencing and when would you take that action?

2. Why are we seeing more and more suspended sentences, and what are your general thoughts on suspended and reduced sentences?

3. When do you think it is appropriate for a judge to hear a case in chambers rather than in open court?

4. Describe the judicial philosophy you intend to follow in dealing with juvenile crime offenders?

5. Have you ever been sued by a client? If yes, explain.

6. Have disciplinary actions been taken against you upon a complaint by the Oklahoma Bar Association? Are any proceedings now pending? If yes to either question, explain.

7. Have you ever been cited or sanctioned for a breach of ethics or unprofessional conduct by any court or administrative agency? If yes, explain.

8. Have you been involved as a litigant in any civil litigation within the last ten years? If yes, explain.

9. Do you have health issues that the voters should know about?

10. Why are you running for this job and why should I vote for you?

¶ 2 Answers: **Question 1:** Yes, with restrictions.

**Question 2:** Yes, assuming the validity of the question, with restrictions.

**Question 3:** Yes, with restrictions.

**Question 4:** No, other than that you will follow the law.

**Question 5 through 9:** These questions do not deal with matters addressed in the Code of Judicial Conduct.

**Question 10:** Yes, with restrictions.

¶ 3 Discussion: The Code of Judicial Conduct is designed to insure the independence and impartiality of the judiciary, and public confidence in the perception and reality thereof. First, we note that the provisions of the code apply to judicial candidates as well as to sitting judges.

¶ 4 Canons 3 and 5 of the Oklahoma Code of Judicial Conduct do not restrict a judicial candidate from announcing his or her views on a particular legal issue but do prohibit the candidate from making pledges or promises as to how the candidate may rule on any case which may come before him or her as a judge, other than a pledge to follow the law. For example, a promise to "aide law enforcement" or to "protect children who are unable to protect themselves" implies a bias toward one side.

¶ 5 Applying these principles to the questions posed, we advise as follows:

**Question 1:** A candidate may, for example, state that he or she believes deferred sentences do or do not serve a useful purpose, but should not respond that he or she would always or never use a deferred sentence in any particular type of case.

**Question 2:** If the candidate does believe that we are seeing more suspended sentences, he or she might properly say, for example, that he or she believes it is in response to the public perception that we have prison overcrowding with non-violent offenders and that alternative punishment is more appropriate. Again, the candidate should not pledge to always or never use suspended sentences, but would look at each individual case to determine whether appropriate. We are unsure what is meant in the question as to "reduced sentences", but the same guidelines would apply.

**Question 3:** The candidate may give examples as to when it is proper to hear a case in chambers as opposed to in an open court room, but should not promise to exclusively do one or the other except in those type of cases (example, juvenile) where statutorily mandated.

**Question 4:** We are unsure whether this question is meant to apply as to "juvenile offenders" or "offenses against juveniles." However, any answer other than the judge would follow the law would in all likelihood be construed as showing a bias for or against one side, whereas it is the duty of the judge to provide equal protection of the law to and treat equally all parties of the case.

**Question 10:** The candidate may properly state why he or she is running for

the office and why he or she is entitled to the support of the electorate so long as those statements, campaign slogans or ads do not imply a bias toward one side in issues that may come before the judge.

/s/ Robert L. Bailey, Chairman

/s/ Milton C. Craig, Secretary

/s/ Robert E. Lavender